### WARD v. WOLFF.
No. 67-1828.
Circuit Court, Dade County.
May 6, 1967.

Ward & Ward, Miami, for plaintiff.

Pallot, Marks, Lundeen, Poppell & Horwich, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

*Findings and final decree:* This cause comes on to be heard on a motion for summary decree. No issue of fact is involved. The case turns on the construction of certain written contracts.

This litigation grows out of the sale of the capital stock of the Coral Gables First National Bank. The Sottile interests were the sellers and the Jacques Mossler interests were the purchasers. The basic contract as contained in the letters is dated September 30, 1960. The price for the sale of the stock of the bank exceeded the sum of $3,000,000. The bank was sold based on the financial statement reflecting the liabilities of the banking corporation and the contract provides —

> "that sellers will assume financial responsibility and discharge, at no cost to the undersigned or to the bank, any liabilities not so disclosed."

An amendment to this purchase and sale agreement was entered into on October 27, 1960. This amendment treated with two particular phases of the purchase agreement. The first and only one pertinent to the inquiry dealt *exclusively* with the method of protecting the purchasers of the bank from — "a judgment . . . in favor of Constructors of Florida and others". To secure the purchasers from this particular claim, and no other, the sellers delivered in escrow as a pledge a certificate of

deposit in the sum of $250,000. In reference to this security fund this addendum to the contract provides —

"Any funds remaining in the hands of the payees under the certificate of deposit hereinabove identified after satisfying the judgments also hereinabove identified, shall be paid to the Atlantic National Bank of Jacksonville on account of the Sottile, Inc. obligations held by it as trustee. If the funds represented by the certificate of deposit are not sufficient to satisfy the judgments hereinabove identified, then the sellers under this contract obligate and bind themselves to produce the additional funds necessary to so satisfy said judgments."

"The judgments also hereinabove identified" referred only to the obligation on the claim "in favor of Constructors of Florida". The $250,000 deposited as security for the possible sums due Constructors of Florida were "to be held in escrow pursuant to the terms of the escrow letter attached hereto."

The escrow letter was dated October 27, 1960, and the certificate was deposited with H. W. Ward, Stanley Wolff, and the Atlantic National Bank of Jacksonville, as trustee. These three persons constituted the escrow agency. The funds held by the escrow agency composed of said persons, could not be paid out except upon instructions given by the joint action of the persons composing the escrow agency. If they were unable to give a joint instruction, the funds were to be held subject to the order of a court of competent jurisdiction.

The facts disclose that Constructors' judgment has been paid, and the provisions of the escrow and the addendum to the purchase agreement have been fulfilled. There remains in the hands of the escrow agency $46,000. Although the contract of October 27, 1960 requires these remaining funds to "be paid to the Atlantic National Bank of Jacksonville on account of Sottile, Inc. obligations held by it as trustee", it appears that Sottile's obligations to the Atlantic National Bank of Jacksonville have been fully paid. Moreover the Atlantic National Bank of Jacksonville has disclaimed any interest in the funds. Obviously, the funds belong to Sottile or his assignee. The fund was never intended to be a general pledge on the obligation of the purchase agreement dated September 30, 1960.

It appears this fund has been heretofore assigned to the firm of Ward, Ward, Straessley, Hiss & Kluttz. The rights of no intervening creditors have been asserted as claims against the

fund. It is obvious that the funds should be paid out pursuant to the assignment made by Sottile.

It is accordingly ordered, adjudged and decreed that Stanley H. Wolff, as trustee and the Atlantic National Bank of Jacksonville, as trustee, and H. F. Ward, as trustee, are hereby directed to forthwith disburse the balance of said funds of $46,000 to the firm of Ward, Ward, Straessley, Hiss & Kluttz, attorneys at law, pursuant to the assignment made to them by Sottile. Upon their compliance with the provisions of this decree the escrow agents shall be relieved of all obligations and responsibilities whatsoever in connection with the escrow created by the letter of October 27, 1960.

It is further ordered that the costs of this proceeding shall be charged to the agency fund.